Matthias, J.
The question of prime importance presented is whether there was a violation of any duty owed by the street car company to its passenger under the facts disclosed by the record in this case. The car was operated by and in charge of the motorman. Passengers were permitted to enter at the rear end of the car on the right side, and to leave the car either at that place or at the front of the car on the left side thereof; the latter exit being *531 near the motorman. These exits were open and remained open. The ear was somewhat crowded and passengers were standing in the front vestibule. This car, on reaching a street intersection, had stopped in the usual and ordinary place for passengers to enter and leave the car. The street at that point was a much traveled one, automobiles passing very frequently. There was only a single car track at that point. The decedent had been a frequent passenger and had previously left the car at the same point of destination. On this occasion he moved to the front of the car and to the street by way of the exit on the left side. He reached the street in safety and was thereafter struck and instantly killed by an automobile traveling at an excessive rate of speed, coming from the direction opposite that traveled by the street car.
Under the evidence the decedent had taken at least one or two steps toward the curb from the place where he had safely alighted from the street car. The decedent was therefore no longer a passenger, for “it is the generally accepted view that one who has alighted from a street car and is in safety upon the highway is no longer a passenger, but is thenceforth a traveler upon the highway, subject to all the duties and obligations imposed upon such travelers, and the railway company is not responsible to him as a carrier for the condition of the street, or for his safe passage from the car to the sidewalk.” 4 Ruling Case Law, 1047, and cases there cited.
The rule applicable to conditions such as are involved in this case is essentially different from that applicable in those cases in which the danger encountered by the passenger was occasioned by the oper *532 ation of another vehicle owned or controlled hy the carrier or resulted from a condition created by the carrier itself. No useful purpose would be served by a discussion, or even the citation, of the many cases involving the question of duty of carrier to passenger. The distinction above indicated is clear and obvious. It is not claimed that the dangerous situation in this case encountered by the passenger was either created by the street car company, or within its possible control. Such distinction was fully considered by this court recently in the case of Mahoning & Shenango Ry. & L. Co. v. Leedy, 104 Ohio St., 487,136 N. E., 198, and the court there held that it was the duty of the street railway company before discharging a passenger into a dangerous situation by itself created to either remove the dangerous situation or warn the passenger thereof; but that when such company had carried its passenger to her destination and discharged her in safety on the street the obligation of the carrier had been fully met, and there could be no recovery from the company for an injury received from an independent source.
The injury to the decedent in this case was therefore without the fault of the defendant company, unless the duty is imposed upon such company in every instance, through those in charge of its cars, to warn and caution passengers leaving the cars of the danger from passing automobiles bound to be encountered upon reaching the city street; also to observe each approaching automobile and give a specific warning, if such automobile is approaching at a speed apparently excessive, assuming that it will so continue, and the driver thereof be grossly negli *533 gent and menace the safety of the passenger after leaving the car. The precise question we have here, therefore, is whether the failure to maintain such lookout and give such caution and warning is an omission of a duty devolving upon the carrier such as to constitute actionable negligence. In a recently reported Iowa case, Chesley, Admr., v. Waterloo, C. F. & N. R. Co., 188 Iowa, 1004, 176 N. W., 961, 12 A. L. R., 1366, the court held that a street railway company, which permits a passenger to alight from a car at a place not ordinarily used in discharging passengers, and where many automobiles are accustomed to pass, is not bound to warn him of the danger from passing cars, nor to protect him from such danger after he has left the car.
The precise question here presented was also fully considered and determined in the case of Oddy v. West End Street Ry. Co., 178 Mass., 341, at page 349, 59 N. E., 1026, at page 1027 (86 Am. St. Rep., 482), where it was held:
“Street car companies, carrying passengers in ordinary public streets or highways, are not negligent in not providing means for warning passenger's about to leave a car of the danger of colliding with or of being run over by other vehicles in the street. The risk of being hurt by such vehicles is the risk of the passenger, and not that of the carrier. It is not a danger against which the carrier is bound to protect the passenger or to give him warning.”
It is obvious that to include within the duties of the carrier toward its passenger the exercise of the highest degree of care to protect him from dangers, not only while the relationship of carrier and passenger subsists, but after it has ceased, would be ex *534 tending the obligation and duty far beyond that embraced within the principles affecting such relationship heretofore announced and applied, for it would require a caution and warning in every instance when a passenger left the car in a busy city street, and impose a liability for failure to do so, if injury resulted from the act of a negligent automobile driver before the passenger had safely reached the curb. In this instance the automobile owner was apparently the sole cause of the injury, and his liability was recognized and enforced.

Judgment affirmed.

Marshall, C. J., Robinson and Jones, JJ., concur.
Allen, J., concurs in proposition 1 of the syllabus.
Day, J., took no part in the consideration or decision of the case.